IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROGER T. MAHER, as Personal Representative of the ESTATE OF DAVID MAHER, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. CIV-15-264-D<br>) |
| STATE OF OKLAHOMA *ex rel.* OKLAHOMA TOURISM & RECREATION DEPARTMENT, *et al.*, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant State of Oklahoma *ex rel.* Oklahoma Tourism and Recreation Department's Motion to Dismiss [Doc. No. 4], filed pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).[1] As a jurisdictional matter, the Oklahoma Tourism and Recreation Department ("OTRD") asserts the State's sovereign immunity from suit, except as authorized by the Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, §§ 151-72. Because the complaint does not allege compliance with GTCA's prerequisites to suit, OTRD contends the Court lacks jurisdiction of any tort claim against it. *See Shanbour v. Hollingsworth*, 918 P.2d 73, 75 (Okla. 1996); *see also Sisk v. J.B. Hunt Transp., Inc.*, 81 P.3d 55, 62-63 & n.1

---

[1] This case was removed to federal court after Plaintiff amended his pleading to include a federal civil rights claim under 42 U.S.C. § 1983. This amendment followed rulings by the state district court on prior dismissal motions, discussed *infra*. Consistent with federal practice, the Court refers to the operative pleading, Plaintiff's First Amended Petition [Doc. No. 1-2], as the complaint. *See* Fed. R. Civ. P. 81(c) (after case is removed to federal court, federal procedure governs).

(Okla. 2003) (failure to comply with statutory filing requirements "deprives the court of jurisdiction").[2] OTRD asserts that any state constitutional claim asserted under *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla. 2013), based on an alleged failure to train the officer who used deadly force against the decedent, was previously dismissed by the state district court judge, and does not survive the Oklahoma Supreme Court's decision in *Perry v. City of Norman*, 341 P.3d 689 (Okla. 2014). OTRD also contends the complaint fails to state a claim upon which relief can be granted because: a) it is an arm of the State and not a "person" subject to suit under 42 U.S.C. § 1983, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989); and b) the complaint contains insufficient factual allegations to establish § 1983 liability of a governmental entity under *Monnell v. Department of Social Services*, 436 U.S. 658 (1978).

Plaintiff has timely opposed the Motion, which is fully briefed.[3] In his response brief, Plaintiff expressly disclaims any intention of suing OTRD under the GTCA, stating that "no such claims are alleged in the [complaint]." *See* Pl.'s Resp. OTRD's Mot. Dismiss [Doc. No. 9], p.12. Further, although Plaintiff presents argument in support of a constitutional claim against OTRD based on its inadequate training or policies regarding the use of deadly

---

[2] This same jurisdictional issue is raised by a dismissal motion filed by Deby Snodgrass, as OTRD's secretary and executive director, regarding an official-capacity suit against her. Her motion raises additional issues, however, and is addressed by a separate order.

[3] Some of OTRD's arguments, recited above, appear in a reply brief that addresses issues raised by Plaintiff in his response brief. Plaintiff did not ask to file a surreply or supplemental brief. Both OTRD and Plaintiff argue factual matters outside the complaint that are disregarded. *See* Order of April 17, 2015 [Doc. No. 16].

2

force, Plaintiff makes no response to OTRD's assertion that it cannot be sued under § 1983. Thus, the Court deems this issue confessed.[4] Instead, Plaintiff contends "his claims against [OTRD] arise from the Oklahoma Constitution, specifically [Article 2], § 30." *See id*. p.11. Plaintiff appears to concede that any claim for a violation of the Oklahoma Constitution, asserted pursuant to the Oklahoma Supreme Court's ruling in *Bosh*, was previously dismissed by rulings of the state district court; a copy of the Journal Entry memorializing the dismissal of those claims is attached to his response brief. *See id*. pp.2-3 & Ex. 1 [Doc. No. 9-1]. Plaintiff argues, however, that *Perry* was wrongly decided and the decision creates a "constitutional infirmity" that he "intends to address via his claims against [OTRD]." *Id*. p.11.

## Discussion

The claim asserted against OTRD for alleged violations of the decedent's rights under the Oklahoma Constitution – either by *respondeat superior* liability for its employee's use of excessive force or by its own failure to train the employee regarding the use of deadly force – is governed by Oklahoma law. In applying that law, federal courts must follow the most recent pronouncement of the state's highest court. *See Coll v. First Am. Title Ins Co.*, 642 F.3d 876, 886 (10th Cir. 2011); *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 665 (10th Cir. 2007). As pertinent to the issues in this case, the latest pronouncement of Oklahoma law is provided by the Oklahoma Supreme Court's opinion in *Perry*.

---

[4] If presented for decision, the Court would find OTRD's position to be correct and dispositive of any § 1983 claim against it.

Before removal of this case to federal court, the state district court ruled that any *Bosh* claim that Plaintiff might otherwise have been able to assert was precluded by *Perry*. Even were this Court to disregard the state court's rulings, which it is not inclined to do, the Court agrees with this reading of *Perry*.[5]

The Oklahoma Supreme Court held in *Perry*, 341 P.3d at 689, "that a *Bosh* . . . claim for excessive force, as applied to police officers and other law enforcement personnel, may not be brought against a municipality when a cause of action under the OGTCA is available." The supreme court reached this conclusion even though the plaintiff in *Perry* did not seek relief under the GTCA and, as a result, he was unable to pursue any state law claim and his case was dismissed. *Id*. at 693. The supreme court distinguished the excessive force claim recognized in *Bosh* as necessary to provide a remedy for the injured plaintiff, whose tort claim against a county detention center was precluded by a GTCA exemption for operation of a jail or correctional facility; "without the excessive force action brought under the Oklahoma Constitution, the *Bosh* plaintiff would have had no avenue for recovery for his injuries whatsoever." *Id.* at 692-93. In contrast, a constitutional claim was not needed under the circumstances in *Perry*:

> Here, employer liability for [a] police officer's alleged excessive force conduct under the OGTCA is well settled. Because the plaintiff could have brought a claim for excessive force against the City under the OGTCA and

---

[5] It is well-settled that after removal, a federal court "takes the case up where the State court left it off." *Duncan v. Gegan*, 101 U.S. 810, 812 (1880). The transfer of jurisdiction "did not vacate what had been done in the State court previous to the removal." *Id*. Thus, a federal district judge "need not reopen the state judge's rulings." *See Reilly v. Waukesha County*, 993 F.2d 1284, 1287 (7th Cir.1993); *see also Resolution Trust Corp. v. Nernberg*, 3 F.3d 62, 68 (3d Cir. 1993).

4

> potentially recovered for that claim, he was not left without a remedy. There is no rationale requiring the extension of a *Bosh* excessive force action brought under the Okla. Const. art. 2, § 30 to this cause. Rather, the plaintiff's remedy belongs exclusively within the confines of the OGTCA and a jury's determination concerning whether the police officers were acting within the scope of their employment under the OGTCA . . . .

*Id*. at 693.

Similarly in this case, Plaintiff was not left without a remedy for the OTRD peace officer's alleged use of excessive force against David Maher. Plaintiff could have brought a tort claim under the GTCA against OTRD and potentially recovered for that claim, if he had followed the statutory prerequisites to suit. Plaintiff argues that he "is entitled to pursue a *Bosh* claim" because he reasonably relied on the supreme court's decision in *Bosh* to forego a tort remedy and now he will be left without one. *See* Pl.'s Resp. Br. OTRD's Mot. Dismiss [Doc. No. 9], p.12. This argument is unavailing under *Perry*, where the supreme court expressly acknowledged the "harsh result" of its decision but nevertheless ruled that the case was properly dismissed "[b]ecause the plaintiff did not seek retribution for his injuries under the OGTCA." *See Perry*, 341 P.3d at 689. Here, Plaintiff did not seek relief under the GTCA, and therefore, OTRD is entitled to the dismissal of Plaintiff's action against it.

For the reasons set forth herein, the Court finds that Plaintiff's complaint fails to state a claim within the Court's jurisdiction and upon which relief can be granted under Oklahoma law as stated in *Perry*. Because Plaintiff has not requested leave to amend his complaint and

because prior amendments have failed to state a justiciable claim against OTRD, the Motion will be granted without leave for further amendment.[6]

IT IS THEREFORE ORDERED that Defendant State of Oklahoma *ex rel*. Oklahoma Tourism and Recreation Department's Motion to Dismiss [Doc. No. 4] is GRANTED.[7]

IT IS SO ORDERED this 28th day of December, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[6] "Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortgage Electronic Registration Sys., Inc*., 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) (citing *Calderon v. Kansas Dep't of Soc. & Rehab. Svcs*., 181 F.3d 1180, 1185-87 (10th Cir. 1999); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371 (10th Cir. 1989)). Further, refusing leave to amend may be justified due to a plaintiff's "failure to cure deficiencies by amendments previously allowed." *See Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir. 1993).

[7] To the extent a claim is dismissed for lack of jurisdiction, the dismissal must be without prejudice to refiling, even if refiling would be futile. *See Brereton v. Bountiful City Corp*., 434 F.3d 1213, 1218 (10th Cir. 2006) ("the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims") (emphasis in original).