IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ROGER T. MAHER, as Personal )
Representative of the ESTATE OF )
DAVID MAHER, )
　　　　　　　　　　　　　　　　 )
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　 )
vs. ) Case No. CIV-15-264-D
　　　　　　　　　　　　　　　　 )
STATE OF OKLAHOMA *ex rel*. )
OKLAHOMA TOURISM & )
RECREATION DEPARTMENT, )
*et al*., )
　　　　　　　　　　　　　　　　 )
　　　　　　Defendants. )

# **ORDER**

Before the Court is Defendant Justin Young's Motion to Dismiss [Doc. No. 25], filed pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).[1] Regarding subject matter jurisdiction, Defendant Young asserts the State of Oklahoma's sovereign immunity from suit to the extent he is sued in an official capacity as a state law enforcement officer, and individual immunity from suit under the Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, §§ 151-72. Regarding the sufficiency of Plaintiff's pleading to state a claim for relief, Defendant Young contends the complaint contains insufficient factual allegations: 1) to state a plausible claim under 42 U.S.C. § 1983 for using excessive force in violation of the constitutional rights of

---

[1] The Court has previously addressed a similar motion by Mr. Young's former employer, Defendant State of Oklahoma *ex rel*. Oklahoma Tourism and Recreation Department. *See* Order of Dec. 28, 2015 [Doc. No. 35]. Consistent with that Order (*id*. p.1, n.1), the Court refers to the operative pleading filed in state court before removal, Plaintiff's First Amended Petition [Doc. No. 1-2], as the complaint.

David Maher, based on either an initial use of pepper spray or a subsequent use of deadly force; 2) to overcome Defendant Young's qualified immunity from suit under § 1983; and 3) to state a plausible negligence claim that can be brought against Defendant Young individually, despite the GTCA, due to conduct outside the scope of his employment.

Plaintiff has timely opposed the Motion, which is fully briefed.[2] Plaintiff makes no response to Defendant Young's jurisdictional arguments, except to agree "that the GTCA, when available, insulates a government employee acting within [the] scope of employment" from personal liability. *See* Pl.'s Resp. Def. Young's Mot. Dismiss [Doc. No. 27], p.22.[3] Plaintiff instead contends the factual allegations of his pleading are sufficient to state plausible claims under the notice pleading standard of Fed. R. Civ. P. 8(a) for individual liability of Defendant Young under § 1983 for conduct that is not protected by the defense of qualified immunity, and for common law negligence committed outside the scope of his employment. Plaintiff argues that many facts on which Defendant Young bases his Rule 12(b)(6) Motion are not contained in the complaint and cannot properly be considered without converting the Motion to one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). Plaintiff also includes in his response brief, however, argument regarding factual

---

[2] Defendant Young filed a reply brief [Doc. No. 29] as authorized by LCvR7.1(i).

[3] Plaintiff argues, however, that if the GTCA bars his negligence claim against Defendant Young, then he could bring a constitutional claim under *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla. 2013). Plaintiff points to no legal authority that permits a *Bosh* claim to be brought against an individual actor, and the Court has determined that no *Bosh* claim is available due to the Oklahoma Supreme Court's subsequent decision in *Perry v. City of Norman*, 341 P.3d 689 (Okla. 2014). *See* Order 12/28/15 [Doc. No. 35], pp.4-5.

matters outside his complaint and the existing record, including quotations that he represents to be excerpts of agency policies and procedures or training materials. In addition to limits imposed by Rule 12(b)(6), this argument contravenes LCvR7.1(j), which provides: "Factual statements or documents appearing only in briefs shall not be deemed part of the record in the case, unless specifically permitted by the court." Therefore, these portions of Plaintiff's argument are disregarded.

Defendant Young's position with regard to his argument of additional, extra-pleading facts is that Plaintiff relies in his complaint on parts of a written statement given by Defendant Young shortly after the shooting of David Maher. Defendant Young asserts that binding precedent authorizes the consideration of certain materials outside the pleadings under Rule 12(b)(6) and, under the circumstances of this case, permits his entire written statement to be considered. *See* Def. Young's Mot. Dismiss [Doc. No. 25], p.5, n.2 (citing *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1991), and *Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008)).

The Court has previously ruled in addressing a motion filed by Defendant State of Oklahoma *ex rel.* Oklahoma Tourism and Recreation Department ("OTRD") that arguments based on factual matters outside the complaint would be disregarded in deciding dismissal motions made under Rule 12(b)(6) in this case. *See* Order of April 17, 2015 [Doc. No. 16]. Although the precise argument now made by Defendant Young was not addressed in that ruling, the Court is not persuaded that the events described in his unsworn written statement

3

dated May 5, 2013, must be accepted as true merely because Plaintiff refers in his complaint, or even adopts, portions of the statement that are favorable to his case.

The rule on which Defendant Young relies for consideration of his written statement has been stated as follows: "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1991); *see Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) ("'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity'") (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)). In this case, Defendant Young's statement is not central to Plaintiff's claim; Plaintiff could have pleaded his case without any mention of it.[4] This case is unlike one, for example, in which an alleged Fourth Amendment violation is based on an insufficient probable cause affidavit. *See, e.g., Larson v. Agos*, 449 F. App'x 725, 729 (10th Cir. 2011).

Further, the rule stated in *GFF Corp.* permits, but does not require, a district court to consider documents outside the complaint under the circumstances described in *GFF Corp*. *See Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999). Even if Defendant Young's unsworn statement could properly be considered, the Court would decline to rely on it in

---

[4] Because Plaintiff was not present at the time of the incident and David Maher is deceased, Plaintiff understandably looks to Defendant Young's statement of what happened, but he is not bound by it.

assessing the sufficiency of Plaintiff's pleading to state a claim against Defendant Young. The factual circumstances under which the statement was made are not shown by the record, and it could reasonably be viewed as a self-serving statement by one party to the controversy concerning disputed facts.

For these reasons, the Court proceeds to consider the sufficiency of Plaintiff's complaint to state a claim of individual § 1983 liability or negligence against Defendant Young, as argued in Plaintiff's response brief, based solely on the factual allegations of his pleading.

## Plaintiff's Claims

Under the existing complaint,[5] Plaintiff seeks to recover damages for personal injuries suffered by David Maher during a confrontation with Defendant Young on May 5, 2013, in McGee Creek State Park involving the use of pepper spray, and David Maher's death as a result of being shot twice through the driver-side window of his motor vehicle when he attempted to flee from Defendant Young. Defendant Young was then a park ranger employed by OTRD and subject to training and certification as a peace officer by the Council on Law Enforcement Education and Training ("CLEET"). Plaintiff alleges that Defendant Young lacked any factual basis to detain or arrest David Maher, who was not suspected of any criminal activity in the park and did not engage in any threatening behavior. Plaintiff asserts claims under federal and state law as follows: Count 1, a § 1983 claim against

---

[5] The case was originally filed in state court, but the state district judge made dismissal rulings that caused Plaintiff to amend his petition and add § 1983 claims that led to the removal. *See supra* note 1.

Defendant Young for his alleged use of excessive force in violation of the United States Constitution (*see* Compl. [Doc. No. 1-2], ¶¶ 21-23);[6] Count 2, a § 1983 claim against management officials of OTRD and CLEET for an alleged failure to train Defendant Young "as to when and under what circumstances to effectuate an arrest . . . and under what circumstances to use deadly force" (*see id*. ¶ 24); and Count 3, a common law negligence claim against Defendant Young that allegedly is not subject to the GTCA because "he was acting outside the scope of his employment" with OTRD (*id*. ¶ 27). Defendant Young's Motion challenges both Counts 1 and 3 against him.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id*. at 679; *see also Robbins*, 519 F.3d at 1248. In assessing

---

[6] The complaint also claims that Defendant Young violated the decedent's rights under the Oklahoma Constitution and that his employer is liable for this violation (*id*. ¶ 20), apparently to support a claim against OTRD under *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla. 2013). Motions by OTRD resulted in the dismissal of this claim by both the state district court and this Court's Order of December 28, 2015 [Doc. No. 35].

6

plausibility, the Court first disregards conclusory allegations and "next consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681.

It is particularly important in § 1983 cases for a complaint "to provide each individual with fair notice as to the basis of the claims against him or her." *See Robbins*, 519 F.3d at 1249-50 (emphasis omitted); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009). Further, where a defendant asserts qualified immunity, the plaintiff must allege sufficient facts to overcome this defense. "The doctrine of qualified immunity protects government officials from liability for civil damages 'unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Wood v. Moss*, 134 S. Ct. 2056, 2066-67 (2014) (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2080 (2011)). "In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (internal quotations omitted). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

**Discussion**

A.     **Civil Rights Claim Under Section 1983**

Although not entirely clear, the Court discerns from the complaint and argument in Plaintiff's brief that his theory of personal § 1983 liability of Defendant Young is that a use of pepper spray to effectuate a investigatory or *Terry* stop of David Maher, and a use of deadly force to prevent David Maher from fleeing the park in response to the assault, were both objectively unreasonable and violated the Fourth Amendment. Plaintiff contends the use of pepper spray constituted excessive force because Defendant Young was attempting to detain David Maher without reasonable suspicion of criminal activity,[7] and the use of deadly force by Defendant Young under the circumstances confronting him violated the applicable Fourth Amendment standard.[8]

1.     **Constitutional Violation**

A Fourth Amendment claim of excessive force, including a use of deadly force, is governed by "a standard of objective reasonableness, judged from the perspective of a reasonable officer on the scene." *Tenorio v. Pitzer*, 802 F.3d 1160, 1164 (10th Cir. 2015);

---

[7] An investigative detention is permissible under *Terry v. Ohio*, 392 U.S. 1 (1968), "if the specific and articulable facts and rational inferences drawn from those facts give rise to a reasonable suspicion a person has or is committing a crime." *See United States v. McHugh*, 639 F.3d 1250, 1255 (10th Cir.), cert. denied, 132 S. Ct. 278 (2011) (internal quotation omitted).

[8] As framed by the complaint and the parties' arguments, the alleged constitutional deprivation in this case is the violation of a citizen's right under the Fourth Amendment not to be unreasonably seized. The Court accepts this characterization of Plaintiff's claim. *See Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) ("Excessive force claims can be maintained under the Fourth, Fifth, Eighth, or Fourteenth Amendment – all depending on where the defendant finds himself in the criminal justice system . . . .").

*see Scott v. Harris*, 550 U.S. 372, 381 (2007); *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). According to the Supreme Court,

> Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. . . . Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Id*. at 396 (quotations omitted); *see Scott*, 550 U.S. at 383. While these three factors may be relevant, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397; *see Lundstrum v. Romero*, 661 F.3d 1108, 1126 (10th Cir. 2010).

"The Fourth Amendment permits an officer to use deadly force only if there is 'probable cause to believe that there [is] *a threat of serious physical harm to [the officer]* or to others.'" *Tenorio*, 801 F.3d at 1264 (quoting *Estate of Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1260 (10th Cir. 2008) (alterations and emphasis added in *Tenorio*); *see Thomas v. Durastanti*, 607 F.3d 655, 664 (10th Cir. 2010); *Thomson v. Salt Lake County*, 584 F.3d 1304, 1313 (10th Cir. 2009). In assessing the threat of harm posed to an officer, federal courts have considered "a number of non-exclusive factors. These include (1) whether the officers ordered the suspect to drop his weapon, and the suspect's compliance with police

9

commands; (2) whether any hostile motions were made with the weapon towards the officers; (3) the distance separating the officers and the suspect; and (4) the manifest intentions of the suspect." *Estate of Larsen*, 511 F.3d at 1260; *see Thomson*, 584 F.3d at 1314-15, 1318-19. Again, these factors "are only aids in making the ultimate determination, which is whether, from the perspective of a reasonable officer on the scene, the totality of the circumstances justified the use of force." *Tenorio*, 802 F.3d at 1164 (internal quotation omitted).

"The reasonableness of the officers' use of force depends not only on whether [the officers] believed they were in danger at the time but also whether their 'own reckless or deliberate conduct during the seizure unreasonably created the need to use such force.'" *See Thomson*, 584 F.3d at 1320 (quoting *Allen v. City of Muskogee*, 119 F.3d 837, 840 (10th Cir. 1997)). "The conduct of the officers before a suspect threatens force is relevant only if it is 'immediately connected' to the threat of force" and "only if it rises to the level of recklessness." *Id*. (quoting *Medina v. Cram*, 252 F.3d 1124, 1132 (10th Cir. 2001)). "[T]his analysis is 'simply a specific application of the "totality of the circumstances" approach inherent in the Fourth Amendment's reasonableness standard.'" *Id*. (quoting *Medina*, 252 F.3d at 1132).

Applying these standards in this case, the Court finds that Plaintiff alleges sufficient facts to state a plausible claim that Defendant Young violated David Maher's Fourth Amendment right to be free from excessive force. Accepting Plaintiff's factual allegations as true and viewing them in the light most favorable to him, a reasonable fact finder could

conclude that Defendant Young's uses of force were not objectively reasonable under the totality of the circumstances known to him at the time. One could reasonably find that Defendant Young approached David Maher – a park patron who was not suspected of criminal wrongdoing, did not pose an immediate threat, and was not then attempting to evade apprehension – and used a pain compliance technique of pepper-spraying him in the face simply because he failed to comply promptly with an order to remove his hand from his pocket. One could also reasonably find that Defendant Young fired two gunshots through the driver-side window of David Maher's vehicle – that is, while positioned to one side of the vehicle and not while it was directly approaching him – as Maher was attempting to flee the park in his vehicle to avoid further confrontation with the officer, without probable cause for an arrest and without a command to stop, without any hostile motion or manifestation of a threat being made toward Defendant Young, and separated by some distance across a parking lot.

Further, even if Defendant Young could have perceived he was in danger at the precise moment he used deadly force – being threatened by a "weapon (which may include a vehicle attempting to run over an officer)" – one must still consider "whether [the officer's] own reckless or deliberate conduct (as opposed to mere negligence) unreasonably created the need to use force." *See Thomas*, 607 F.3d at 664. Under the factual allegations of the complaint, viewed most favorably to Plaintiff, a reasonable fact finder could conclude that Defendant Young engaged in reckless conduct that created the need to use deadly force.

11

For these reasons, the Court finds that Plaintiff has sufficiently alleged a violation of David Maher's Fourth Amendment rights by the use of excessive force.

### 2. Qualified Immunity

The Court must still consider whether Plaintiff's allegations are sufficient to overcome Defendant Young's defense of qualified immunity. The court of appeals has summarized the qualified immunity analysis in a § 1983 excessive force case as follows:

> "Because the existence of excessive force is a fact-specific inquiry . . . , 'there will almost never be a previously published opinion involving exactly the same circumstances.'" *Casey* [*v. City of Fed. Heights*], 509 F.3d [1278] at 1284 [(10th Cir. 2007)]. Thus, we have adopted a sliding scale: "The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation." *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004). In fact, we do not always require case law on point. "[W]hen an officer's violation of the Fourth Amendment is particularly clear from *Graham* itself, we do not require a second decision with greater specificity to clearly establish the law." *Casey*, 509 F.3d at 1284.

*Morris v. Noe*, 672 F.3d 1185, 1196-97 (10th Cir. 2012); *see Estate of Booker v. Gomez*, 745 F.3d 405, 427 (10th Cir. 2014).

In this case, accepting the factual allegations of the complaint as true and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has alleged conduct that would violate a Fourth Amendment right that was clearly established in May 2013. Notably, the court of appeals held in *Fogarty v. Gallegos*, 523 F.3d 1147, 1161 (10th Cir. 2008), that "a reasonable officer would have been on notice that the *Graham* inquiry applies to the use of these methods [involving "'less lethal' munitions," such as pepper balls, tear

gas, mace, and pepper spray] as with any other type of pain-inflicting compliance technique." Given the Court's conclusion that the factual allegations of Plaintiff's pleading support a finding of a Fourth Amendment violation under the *Graham* analysis, Defendant Young is not entitled to qualified immunity from individual liability for the § 1983 claim stated in the complaint.

**B.      State Law Negligence Claim**

Defendant Young's challenge to the state law negligence claim against him asserts that the complaint does not allege sufficient facts to show he acted outside the scope of his employment as a park ranger for OTRD. Defendant Young's argument misconstrues the applicable standard of decision. As stated *supra*, determining whether a complaint states a plausible claim for relief is a context-specific task. "A simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time." *See Robbins*, 519 F.3d at 1248.

Although the portion of the complaint which Plaintiff denominates as his "negligence" claim contains only conclusory allegations (*see* Pl's First Am. Pet. [Doc. No. 1-2], ¶ 27), the factual allegations of the complaint read as a whole are sufficient, if found to be true, to permit a finding that Defendant Young was acting outside the scope of his employment when he pepper-sprayed and fatally shot David Maher. The GTCA defines "scope of employment" as the "performance by an employee acting in good faith within the duties of his office or

13

employment or of tasks lawfully assigned by a competent authority." *See* Okla. Stat. tit. 51, § 152(12). Thus, where a law enforcement officer abuses his lawful power, the officer may be personally liable for the resulting tort because such abuse negates a finding that he acted in good faith. *See, e.g., DeCorte v. Robinson*, 969 P. 2d 358, 361-62 (Okla. 1998). The Oklahoma Supreme Court concluded in *Nail v. City of Henryetta*, 911 P.2d 914, 918 (Okla. 1996), that the question of whether a police officer was acting within the scope of his employment when he used force against an arrestee is normally a question of fact. *See also Morales v. City of Oklahoma City*, 230 P.3d 869, 880-81 (Okla. 2010) (state law negligence claim against police officer is governed by objective reasonableness standard and presents "a classic case for jury resolution").

In this case, Plaintiff claims Defendant Young engaged in conduct that may expose him to personal tort liability outside the purview of the GTCA. For the reasons set forth *supra* regarding Plaintiff's § 1983 claim, the Court finds that Defendant Young's conduct could be found to constitute "excessive force" as defined by state decisional law and by Oklahoma statutes permitting peace officers to be subjected to criminal laws, as asserted by Plaintiff. *See* Pl's First Am. Pet. [Doc. No. 1-2], ¶ 22 (citing Okla. Stat. tit. 22, § 34.1). Because this alleged conduct may exceed the scope of Defendant Young's employment as a peace officer, it may also form the basis for his tort liability for David Maher's injuries. Therefore, the Court finds that Plaintiff has stated a tort claim that can be asserted against Defendant Young individually.

**Conclusion**

For these reasons, the Court finds that Plaintiff's complaint states plausible § 1983 and negligence claims against Defendant Young individually.

IT IS THEREFORE ORDERED that Defendant Justin Young's Motion to Dismiss [Doc. No. 25] is DENIED.

IT IS SO ORDERED this 29th day of February, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE