IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROGER T. MAHER, as Personal Representative of the ESTATE OF DAVID MAHER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-15-264-D |
| STATE OF OKLAHOMA ex rel. OKLAHOMA TOURISM AND RECREATION DEPARTMENT, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## **ORDER**

Before the Court are motions to dismiss Plaintiff's complaint, filed pursuant to Fed. R. Civ. P. 12(b)(6) by Defendants Steve Emmons [Doc. No. 17] and Deby Snodgrass [Doc. No. 26], and pursuant to Fed. R. Civ. P. 12(b)(1) by Defendant Snodgrass.[1] Plaintiff has responded in opposition to the motions, which are fully briefed and at issue.

As a jurisdictional matter, Defendant Snodgrass moves for dismissal of the action in her official capacity as executive director of the Oklahoma Tourism and Recreation Department ("OTRD") based on sovereign immunity.[2] She also moves for dismissal in her

---

[1] The Court has previously addressed dismissal motions by other defendants. In keeping with prior orders and federal practice, the Court refers to the operative pleading filed in state court before removal, Plaintiff's First Amended Petition [Doc. No. 1-2], as the complaint.

[2] During the pendency of the action, Governor Mary Fallin appointed Defendant Snodgrass to be the director of the Oklahoma Department of Commerce, and to be Secretary of Commerce and Tourism when the two cabinet-level posts were combined.

individual capacity based on immunity from tort liability under Oklahoma's Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, §§ 151-72. Consistent with the Order of December 28, 2015 [Doc. No. 35] dismissing Plaintiff's action against OTRD, the Court finds that Defendant Snodgrass in her official capacity is entitled to dismissal because an official-capacity suit is treated like an action against the governmental entity she represents.[3] As to individual immunity under GTCA from a common law tort action, Plaintiff argues only that GTCA does not apply if Defendant Snodgrass was acting outside the scope of her employment. While Plaintiff states a correct legal principle, he points to no allegations of the complaint to support a tort action against Defendant Snodgrass based on conduct outside the scope of her office or employment.[4] Therefore, the Court finds that Defendant Snodgrass is also entitled to dismissal of any state law tort claim asserted.[5]

---

[3] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989):

> [A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). As such, it is no different from a suit against the State itself. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985); *Monell* [*v. New York City Dep't. of Social Services*, 436 U.S. 658,] 690, n. 55 (1978).

Defendant Snodgrass in her official capacity at OTRD is protected by the State of Oklahoma's sovereign immunity. Plaintiff presents no argument or authority for an official-capacity suit against Defendant Snodgrass (or a suit against OTRD), and thus, the Court deems this issue confessed pursuant to LCvR7.1(g).

[4] Because Defendant Snodgrass' alleged misconduct is inadequate training of OTRD park rangers, discussed *infra*, it seems any tortious conduct could only have occurred within her official position.

[5] Plaintiff makes a conclusory argument that if he has no remedy under GTCA, then he could bring a constitutional claim under *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla. 2013). But Plaintiff points to no legal authority that would permit a *Bosh* claim to be brought for a failure to train an employee who commits a constitutional violation. In any event, the Court has determined that no *Bosh* claim is available due to the Oklahoma Supreme Court's decision in *Perry v. City of Norman*, 341 P.3d 689 (Okla. 2014). See Order 12/28/15 [Doc. No. 35], pp.4-5.

Defendant Emmons, executive director of the Council on Law Enforcement Education and Training ("CLEET"), similarly relies on the principle that an official-capacity action "is treated as a suit against the governmental entity for which the official is an agent" to move for dismissal of Plaintiff's § 1983 claim against him in as an officer of CLEET. *See* Def. Emmons' Mot. Dismiss [Doc. No. 17, p.9 (citing *Hafer v. Melo*, 502 U.S. 21 (1991)). Defendant Emmons moves for dismissal under Rule 12(b)(6), however, based on the holding of *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), that a state is not a "person" subject to suit under § 1983.[6] Plaintiff makes no response to this argument, and does not dispute that CLEET is an agency of the State of Oklahoma.[7] Plaintiff states the complaint "names Steve Emmons in his individual capacity." *See* Pl.'s Resp. Def. Emmons' Mot. Dismiss [Doc. No. 22], p.7. Based on Plaintiff's concessions and the cited legal principles, the Court finds that Defendant Emmons is entitled to dismissal of Plaintiff's § 1983 official-capacity action against him.

Therefore, the issues presented for decision are limited to those raised by Defendants Snodgrass and Emmons in their individual capacities under Rule 12(b)(6), challenging the

---

[6] Defendant Snodgrass also relies on the holding in *Will* to move for dismissal of Plaintiff's § 1983 official-capacity claim against her under Rule 12(b)(6). *See* Def' Snodgrass' Mot. Dismiss [Doc. No. 26], pp.11-12. For this additional reason, Defendant Snodgrass would be entitled to dismissal of this claim.

[7] By reliance on statutes organizing CLEET and establishing its areas of responsibility, Plaintiff implicitly acknowledges that CLEET is a statutorily created body and exists as an arm of the state to regulate state law enforcement officers employed within the state. *See* Pl.'s Resp. Def. Emmons' Mot. Dismiss [Doc. No. 22], p.6 (citing Okla. Stat. tit. 70, § 3311); *see also* Okla. Stat. tit. 70, § 3311(A) (creating CLEET as "the governmental law enforcement agency of the State of Oklahoma, body politic and corporate, with the powers of government").

sufficiency of the complaint to state a § 1983 claim against either of them personally, and asserting their qualified immunity from suit.

**Factual and Procedural Background**

This action was commenced in state court by Plaintiff as personal representative of the Estate of David Maher, and was timely removed to federal court by OTRD with the individual defendants' consent. The action primarily concerns the conduct of Defendant Justin Young as a park ranger employed by OTRD and a peace officer certified by CLEET, while on duty in McGee Creek State Park in Atoka County, Oklahoma, on May 5, 2013. The complaint alleges that, without observing any facts or circumstances creating a reasonable suspicion of criminal activity or suggesting threatening behavior by David Maher, a park patron, Officer Young confronted Mr. Maher and deployed pepper spray in his face when he did not immediately comply with an order to show his hands, and then fatally shot Mr. Maher twice through the driver-side window of his vehicle while he was attempting to drive away.

Under the existing complaint, Plaintiff seeks to recover damages for Mr. Maher's personal injuries and death, asserting claims under 42 U.S.C. § 1983 and state law as follows: Count 1, a § 1983 claim against Officer Young for his alleged use of excessive force in violation of the Fourth Amendment (*see* Compl. [Doc. No. 1-2], ¶¶ 21-23);[8] Count 2, a § 1983 claim against Defendants Snodgrass and Emmons for an alleged failure to train

---

[8] The complaint also claims Young violated the decedent's rights under the Oklahoma Constitution for which his employer is liable (*id*. ¶ 20), apparently to support a claim against OTRD under *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla. 2013). Prior motions by OTRD resulted in dismissals of this claim by both the state district court and this Court. *See* 12/28/15 Order [Doc. No. 35].

4

Officer Young "as to when and under what circumstances to effectuate an arrest . . . and under what circumstances to use deadly force" (*id*. ¶ 24); and Count 3, a common law claim against Officer Young that allegedly is not subject to GTCA because "he was acting outside the scope of his employment" with OTRD (*id*. ¶ 27). Defendants Emmons and Snodgrass challenge whether Count 2 states a § 1983 claim upon which relief can be granted against them individually.[9] The factual allegations of the complaint relevant to this issue will be stated in the context of the discussion, *infra*.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, in

---

[9] They also challenge whether Plaintiff's allegations are sufficient to overcome a defense of qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages 'unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Wood v. Moss*, 134 S. Ct. 2056, 2066-67 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2080 (2011)). As discussed *infra*, the Court finds the first issue to be dispositive, and does not reach the second prong of the qualified immunity analysis.

5

assessing plausibility, a court should first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*. at 681.

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id*. at 679; *see also Robbins*, 519 F.3d at 1248. "In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." *See Robbins*, 519 F.3d at 1249-50 (emphasis in original); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009). "[I]t is incumbent upon a plaintiff to 'identify specific actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)) (emphasis added by the court in *Pahls*).

## Discussion

**A.     Plaintiff's Theory of Individual Liability Under Section 1983**

By Order of February 29, 2016, the Court found that Count 1 of the complaint states a plausible § 1983 claim against Officer Young, which is not barred by qualified immunity, for using excessive force against Mr. Maher in violation of the Fourth Amendment.

6

Specifically, the Court found that Plaintiff has alleged sufficient facts (accepted as true and viewed in the light most favorable to him) to support a reasonable finding that Officer Young's uses of force – using a pain compliance technique during an investigatory or *Terry* stop and using deadly force to prevent Mr. Maher from fleeing – were not objectively reasonable under the totality of the circumstances known to Officer Young at the time. Alternatively, the Court found Officer Young's conduct could be viewed as objectively unreasonable based on a finding "that Defendant Young engaged in reckless conduct that created the need to use deadly force." *See* 2/29/16 Order [Doc. No. 36], p.11.

Plaintiff seeks to hold Defendants Snodgrass and Emmons liable for the injuries inflicted by Officer Young based on their failure to train him on the appropriate use of force against citizens he might encounter. Plaintiff alleges that these defendants in their positions of authority over OTRD and CLEET respectively "were responsible for ensuring that defendant Young was adequately trained in regards to exercising the necessary force to accomplish an arrest, including but not limited to, the use of deadly force." *See* Compl. [Doc. No. 1-2], ¶ 2. Plaintiff disclaims any reliance on *respondeat superior* liability but, instead, seeks to recover damages under a theory of supervisory liability. Plaintiff contends he has sufficiently pleaded an "affirmative link between [Mr. Maher's] death and [each] defendant's conduct [which] is the policy and custom established by [each] defendant . . . in failing to provide not only adequate training, but any training at all regarding the use of deadly force." *See* Pl.'s Resp. Def. Emmons' Mot. [Doc. No. 22], p.16; Pl.'s Resp. Def.

7

Snodgrass' Mot. [Doc. No. 28], p.14 ("The failure to train establishes an affirmative link between Young's actions and David's death.").[10]

The Supreme Court made clear in *Iqbal* that, because a supervisor cannot be held vicariously liable for the conduct of subordinates under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The court of appeals has distilled from *Iqbal* the following rule for supervisory liability: "A plaintiff may therefore succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010); *see also Cox v. Glanz*, 800 F.3d 1231, 1248 (10th Cir. 2015); *Pahls*, 718 F.3d 1210, 1225 (10th Cir. 2013). To satisfy the second element, a plaintiff must allege facts to show the supervisor's "alleged action(s) caused the constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013). "'A plaintiff [must] establish the 'requisite causal connection' by showing the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights.'"

---

[10] In light of these arguments, the Court understands that Plaintiff does not intend to pursue against Defendants Snodgrass and Emmons the alternative allegations in paragraph 18 of the complaint that Officer Young "failed to follow [his use-of-force] training or that the other named defendants failed to properly enforce [use-of-force] policies."

8

*Id*. (quoting *Dodds*, 614 F.3d at 1195-96 (internal quotation omitted, alteration by the court in *Schneider*)).

To satisfy the third element of a supervisor-liability claim, a plaintiff must allege facts to show that the supervisor "took the alleged actions with the requisite state of mind." *Id*. at 769. Regarding a lack of training, the requisite state of mind is "deliberate indifference" to the rights of citizens whom the untrained employees are likely to encounter. *See City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989); *Carr v. Castle*, 337 F.3d 1221, 1228 (10th Cir. 2003); *Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998). To meet this standard, "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011) (internal quotation omitted). It is possible, however, that liability for failure to train law enforcement officers might arise from a single incident if "in light of the duties assigned to specific officers . . . the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *Canton*, 489 U.S. at 390.

**B.     Sufficiency of Plaintiff's Allegations to State a Claim of Supervisory Liability**

Under Plaintiff's asserted theory of § 1983 liability, he must allege sufficient facts to show, as the first element of a claim against Defendants Snodgrass and Emmons, that they created, implemented, or otherwise possessed responsibility for the allegedly deficient

9

training program provided to OTRD's peace officers, including Officer Young. As to Defendant Snodgrass, the complaint states that as the executive director of OTRD she "manage[d] the day-to-day administration of the department." *See* Compl. [Doc. No. 1-2], ¶ 2. This allegation suggests Defendant Snodgrass controlled routine departmental matters; it does not permit a reasonable inference that her duties involved formulating departmental policies or implementing the department's peace officer training program. Thus, this alleged fact fails to support a plausible § 1983 claim against Defendant Snodgrass. *See Pahls*, 718 F.3d at 1228 (for supervisory liability, plaintiff "must identify . . . specific policies over which particular defendants possessed supervisory responsibility").

As stated above, Plaintiff's complaint also alleges that Defendants Snodgrass and Emmons "were responsible for ensuring that [Officer] Young was adequately trained" as a peace officer regarding permissible uses of force. *See id*. The complaint also states on "information and belief" that "Deby Snodgrass and Steve Emmons had a policy, custom and procedure of not ensuring that officers like Young were appropriately and adequately trained as to when and under what circumstances to effectuate an arrest pursuant to 22 O.S. §36.2 and under what circumstances to use deadly force." *Id*. ¶ 24.

These conclusory allegations provide insufficient facts from which to conclude that either of the supervisory defendants was personally involved in developing, implementing, or maintaining the training program for OTRD peace officers. The court of appeals has held that an allegation of a pleading stating that a named state official is "responsible for

administering" a particular legal program "is a bare legal assertion." *See Peterson v. Martinez*, 707 F.3d 1197, 1206 (10th Cir. 2013). Similarly, a statement that the official had a legal duty to enforce a particular law is insufficient, without any supporting factual allegations regarding a "legislative or administrative enactment so empowering" the official or "any instances of [the official] enforcing or administering the [legal program at issue]." *See id*. Federal courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Papasan v. Allain*, 478 U.S. 265, 286, (1986) (citation omitted)). The Court finds in Plaintiff's complaint no factual allegation from which to infer that either Defendant Snodgrass or Defendant Emmons was responsible for the substantive content or curriculum of OTRD's peace officer training program or the alleged failure of the program to train park rangers like Officer Young regarding lawful arrests and uses of force.

Particularly with regard to Defendant Emmons, Plaintiff's allegation concerning his responsibility to provide adequate training of peace officers must be disregarded because "'factual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true.'" *Id*. (quoting *GFF Corp. v. Associated Wholesale Grocers, Inc*., 130 F.3d 1381, 1385 (10th Cir. 1997)). In ruling on a Rule 12(b)(6) motion, the Court may properly take judicial notice of state statutes regarding the implementation and administration of particular laws. *Id*. (citing *United States v. Coffman*, 638 F.2d 192, 194 (10th Cir.1980)). By statute in Oklahoma, the executive director of CLEET is "an ex officio member" and acts as secretary of its 13-member governing body. *See* Okla. Stat. tit. 70,

11

§ 3311(A). The statute mandates that a Curriculum Review Board, which is composed of six members appointed by CLEET according to specified selection criteria, "shall review and establish curriculum for all CLEET academies and training courses pursuant to procedures established by [CLEET]." *See id*. § 3311(B)(16). Defendant Emmons as executive director of CLEET was not a member of the Curriculum Review Board and was not responsible for the curriculum of CLEET's training programs. Accordingly, the Court is not required to accept any allegation by Plaintiff to the contrary. *See Peterson*, 707 F.3d at 1206.[11]

Therefore, because Plaintiff's complaint contains no factual allegations that would permit a reasonable inference that either Defendant Snodgrass or Defendant Emmons is liable for any failure of OTRD to adequately train its park rangers, including Officer Young, or that they caused Officer Young's use of excessive force against David Maher, the Court finds that Plaintiff has failed to state a plausible § 1983 claim against these defendants for supervisory liability.

**Conclusion**

For these reasons, the Court finds that the complaint fails to state a § 1983 claim against Defendants Snodgrass and Emmons in their individual capacities, and that Plaintiff's claims against these defendants must be dismissed pursuant to Rule 12(b)(6). Further,

---

[11] Similarly, the Oklahoma Tourism, Parks, and Recreation Act, Okla. Stat. tit. 74, §§ 2200-2285, created and established the Oklahoma Tourism and Recreation Commission and OTRD, and mandates that "[t]he Commission shall determine or set policy for [OTRD] and shall determine the broad plans and programs necessary to accomplish the duties and responsibilities in the Commission." *See id*. § 2202(B). The Commission consists of eight members appointed by the governor (one from each congressional district and at-large members) and the lieutenant governor as an ex officio member. *Id*. § 2203(A).

because Plaintiff has not requested leave to further amend his complaint and previous amendments have failed to state a justiciable claim against these defendants, their motions will be granted without leave for amendment.[12]

IT IS THEREFORE ORDERED that the motions to dismiss of Defendants Steve Emmons and Deby Snodgrass [Doc. Nos. 17 and 26] are GRANTED, as set forth herein. Any claim against Defendant Snodgrass in her official capacity and any tort claim against Defendant Snodgrass in her individual capacity are dismissed without prejudice for lack of jurisdiction.[13] Plaintiff's § 1983 action against Defendant Snodgrass and Defendant Emmons is dismissed for failure to state a claim on which relief can be granted.

IT IS SO ORDERED this 28th day of June, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[12] "Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortgage Electronic Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) (citing *Calderon v. Kansas Dep't of Soc. & Rehab. Svcs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371 (10th Cir. 1989)). Further, refusing leave to amend may be justified due to a plaintiff's "failure to cure deficiencies by amendments previously allowed." *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[13] Because the Court lacks jurisdiction, the dismissal must be without prejudice to refiling, even if refiling would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims") (emphasis in original).